20-4276-cv
Bank v. Verde Energy USA, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-one.

PRESENT:
>
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> STEVEN J. MENASHI,
>> *Circuit Judges.*

---

Todd C. Bank,

>> *Plaintiff-Appellant*,

>> v.                                                          20-4276

Verde Energy USA, Inc.,

>> *Defendant-Appellee.*

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | TODD C. BANK, pro se, Kew Gardens, NY. |
| FOR DEFENDANT-APPELLEE: | WILLIAM R. PETERSON (Michelle D. Pector, *on the brief*), Morgan, Lewis & Bockius LLP, Houston, TX. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Todd Bank, an attorney proceeding pro se, sued Verde Energy USA, Inc. ("Verde" or "Verde Energy") on behalf of himself and two proposed classes for alleged violations of state and federal laws governing telemarketing calls. The parties quickly reached a settlement agreement under which Bank agreed, in exchange for a payment, to dismiss the action and release "any and all claims" he had against Verde "as of" the date of the agreement, which was March 26, 2019. Bank did not dismiss the action and filed an amended complaint concerning a telemarketing call he received on March 26. Verde asserted breach-of-contract and specific performance counterclaims. The district court granted summary judgment to Verde on all claims, and it denied Bank's motions for reconsideration and to amend the judgment to state that the confidentiality provision of the agreement was void. Bank appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Summary Judgment**

We review de novo a district court's "determination of whether a contract is ambiguous and, as to an unambiguous contract, the district court's interpretation of its terms." *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 468 (2d Cir. 2010) (internal citations omitted). We also review de novo the grant of a motion for summary judgment, "drawing all reasonable factual inferences in favor of the party against which summary judgment is sought." *Id*. "Summary judgment is proper only when, construing the evidence in the light most favorable

2

to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Under New York law, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" and "[e]xtrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide." *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002).[1] Contract terms that have "a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion," are not ambiguous. *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*, 773 F.3d 110, 114 (2d Cir. 2014) (alteration omitted). "Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation, unless each is a reasonable interpretation." *Law Debenture Tr. Co.*, 595 F.3d at 467 (internal quotation marks and citation omitted).

A.      **Bank's Claims**

Bank's amended complaint asserted claims arising out of a call he received on March 26, 2019. However, in the "release of claims" provision of the settlement agreement, he agreed to release Verde from "any and all claims . . . [he had] or might have against Verde Energy as of the date of [the] Agreement," which the parties agree was March 26, 2019. The district court correctly granted summary judgment to Verde because this release provision unambiguously applies to

---

[1] The parties agreed that, if Verde brought a breach-of-contract claim against Bank, the settlement agreement would be interpreted according to New York law.

claims arising on March 26, barring the claims in his amended complaint.

Bank's position that "as of" March 26 means "until the moment that March 25 becomes March 26" is not reasonable. The case on which Bank relies, in his reply brief, supports Verde's position. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000) (finding that a statute required debt collectors to state the amount due "on" the date a letter was sent and holding that a letter stating the amount due "as of" that date would satisfy this requirement). Verde's position finds support in several dictionaries and court decisions, and we agree with the district court that "as of [March 26]" unambiguously refers to the time period up to *and including* March 26.[2] Because the term "as of" in the context of this agreement was unambiguous, we do not consider extrinsic evidence of the parties' intent. *Greenfield*, 98 N.Y.2d at 569.

**B.    Verde's Counterclaims**

Bank does not dispute that the settlement agreement required him, upon receipt of his settlement payment, to "dismiss the Litigation with prejudice" or that the "Litigation" was defined as the "lawsuit titled *Todd* C. *Bank, Individually and on Behalf of All Others Similarly Situated v. Verde Energy USA, Inc.,* Case 1:19-cv-01472 . . . pending in the United States District Court for the Eastern District of New York." He also does not dispute that he received the payment, and kept it, but did not dismiss the action. Bank argues that he dismissed the "Litigation" because he

---

[2] *See, e.g.,* Bryan A. Garner, Garner's Modern American Usage 68 (3d ed. 2009) (suggesting that "as of" should be replaced with "on"); *As of*, Merriam-Webster, https://www.merriam-webster.com/dictionary/as%20of (last visited Sept. 8, 2021) (defining "as of" to mean "on, at, from"); *As of*, Oxford English Dictionary, https://www.oed.com/view/Entry/11307 (last visited Sept. 8, 2021) (defining "as of" to mean "as things stood on (a date)" or "reckoning from; from, after"); *see also Miller*, 214 F.3d at 875-76.

4

dismissed claims based upon paragraph 33 of his first complaint, after filing his amended complaint which superseded that complaint.[3] We disagree. That notice of dismissal had no effect because the original complaint had already been superseded by his amended complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) ("[I]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect."). Accordingly, the district court correctly granted summary judgment to Verde on its breach-of-contract counterclaims.

## II.     Amendment of the Judgment

Bank argues that the confidentiality provision of the settlement agreement is void and that the parties have a First Amendment right to "speak about [the agreement]" because it is now a publicly available document. This argument appears to challenge the district court's decision denying his motion to amend the judgment.

We review the denial of a motion to amend the judgment under Federal Rule of Civil Procedure 59(e) for abuse of discretion. *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013). "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within a range of permissible decisions." *Id.* "A [district] court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks and alteration omitted).

---

[3] In paragraph 33 of Bank's original complaint, he alleged that he received a prerecorded call from Verde in December 2018.

5

Bank asked the district court to amend its judgment to state that "the confidentiality provision of the Settlement Agreement is void." He did not cite any controlling case law, new evidence, or impending manifest injustice that required the district court to do so, and he does not cite any controlling authority in his brief to this court. Nor does he persuasively argue that Verde's filing of the settlement agreement on the district court's docket rendered the confidentiality provision a "nullity." The provision expressly states that it does "not apply to any action . . . to enforce [the] Agreement." Verde was therefore permitted to file the agreement in support of its breach-of-contract claims, and its doing so did not violate, much less void, the confidentiality provision. Accordingly, the district court did not abuse its discretion by denying this request.

We have considered all of Bank's arguments, which we find to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6